**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10074 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00287-KJD-CWH-1 |
| v. | |
| ANDREW JOHN GIBSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 8, 2021
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Defendant Andrew J. Gibson was convicted of a single count of Receipt or

Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and

sentenced to 168 months' imprisonment. The district court imposed a lifetime term

of supervised release with both standard and special supervised release conditions.

Gibson challenges the lifetime supervised release term, the adult pornography

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

restriction, and the polygraph testing condition. Gibson and the government also ask us to vacate the computer monitoring condition and remand to the district court to conform the court's written judgment to its oral pronouncement and written order.[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the district court's imposition of the challenged conditions, but vacate the computer monitoring restriction and instruct the district court to conform its written judgment to its oral pronouncement and written order.

1. Gibson argues that the imposition of a lifetime supervision term violates his Fifth and Sixth Amendment rights. We disagree. "[W]e review for reasonableness the district court's decision to sentence [Gibson] to a lifetime term of supervised release," *see United States v. Cope*, 527 F.3d 944, 952 (9th Cir. 2008), and we review de novo claims that conditions violate the Constitution, *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018). "We have previously held that sentencing individuals convicted of possessing child pornography to lifetime terms of supervised release is not substantively unreasonable." *United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011) (citing *Cope*, 527 F.3d at 952; *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008)). Indeed, in *Apodaca*, we upheld a lifetime supervision term when the defendant possessed a "sizeable library of child

---

[1] Gibson also challenges the place restriction and the third-party risk notification condition, which we address in an opinion filed concurrently with this memorandum disposition.

pornography," and "knew that the persons depicted in the pornography were minors and that some of the pornography depicted children engaged in sadistic or masochistic acts." *Id.* at 1079–80. Those facts are similar to the facts here, except certain of the aggravating facts here, like Gibson's conduct on supervised release, were absent in *Apodaca*.

We find no Fifth Amendment violation, including based on the district court's comments on Gibson representing himself. Though the district court remarked about the potential utility of having advisory counsel to assist Gibson (which Gibson declined), nothing in the record indicates that this informed the court's decision to impose a lifetime term of supervised release. We similarly hold that Gibson's Sixth Amendment rights were not violated. Gibson was appropriately permitted to represent himself after a psychological evaluation found him competent to do so. His allegation that the lifetime supervision term was punitive and imposed because of his decision to represent himself as well as the fact that he was not remorseful is belied by the record and the district court's resentencing order. The district court described Gibson's conduct at length and explained why it warranted a lifetime supervision term.

2. Gibson argues that Special Condition 2[2]—the adult pornography

---

[2] Special Condition 2 provides:

condition—violates his First Amendment rights because it is overbroad, contending that it "must be modified to exclude purely adult content." Because this condition comports with our decision in *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), we hold that it does not violate Gibson's First Amendment rights.

In *Gnirke*, we found an adult pornography condition improperly restricted access to certain materials "by limiting Gnirke's access to *non*-pornographic depictions of 'sexually explicit conduct' involving only adults," *id.* at 1164 (emphasis in original), and improperly barred the defendant from entering certain places, in violation of the defendant's First Amendment rights, *id.* at 1164–65. But we chose to construe the condition narrowly, so as not to cover *non*-pornographic

No Pornography - The defendant shall not possess, own, use, view, or read any material depicting and/or describing "sexually explicit conduct" involving children, as defined by 18 U.S.C. § 2256(2), or "actual sexually explicit conduct" involving adults, as defined by 18 U.S.C. § 2257(h)(1). This prohibition includes, but is not limited to, computer images, pictures, photographs, books, writings, drawings, videos, or video games. The definition under 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. The definition under 18 U.S.C. § 2257(h)(1) means actual, but not simulated, conduct as defined in clauses (a)-(e) above. Furthermore, the defendant shall not patronize any place where the primary purpose is related to such material or entertainment. The prohibition of the defendant's possession or viewing of pornography does not apply to materials related to a collateral attack or used for the purpose of court mandated treatment.

4

adult depictions, but instead "'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Gnirke's probation officer." *Id.* at 1166.[3]  In Gibson's case, restricted adult material is limited to content depicting "actual sexually explicit conduct" as defined by 18 U.S.C. § 2257(h)(1).  As noted in the condition itself, "actual, . . . not simulated," materials are restricted.  Gibson is therefore incorrect that "the condition as written prevents [access to] any form of adult sexual content— movies, books, artistic displays."  Descriptions of adult sexual intercourse in a book, for example, are not covered, but photographs of actual adult sexual intercourse in a book are.

The condition does not impermissibly restrict access to actual adult sexual conduct because it is reasonably related to the goal of rehabilitating Gibson and has no restriction on his liberty greater than necessary for that purpose. *Cf. United States v. Rearden*, 349 F.3d 608, 618, 620 (9th Cir. 2003).  The district court adequately explained its reasons for imposing the condition when it noted that "inclusion of an adult pornography restriction is justified by Defendant's history of compulsive behavior including risky, on-line sexual behavior," "many possessors of child pornography start with the viewing of adult pornography," and studies have shown

---

[3] We noted that while pornography is difficult to fully define, "it is evident that, at a minimum, pornography is explicit material intended to stimulate, arouse, or the like." *Gnirke*, 775 F.3d at 1167.

that some offenders "previously convicted of possessing child pornography have attributed their relapse to the viewing of adult pornography."

3. Gibson argues that Special Condition 4—the polygraph testing condition—is unconstitutional. We reject this argument as we have in many other cases. *See, e.g.*, *United States v. Stoterau*, 524 F.3d 988, 1003–04 (9th Cir. 2008); *Daniels*, 541 F.3d at 925–26.

4. We remand Special Condition 5—the computer monitoring condition—for the district court to conform the written judgment to the court's oral pronouncement and written order, *i.e.*, to include that "the probation officer will cooperate with employers for purposes of determining whether the defendant may have access to a computer for purposes of employment."

**AFFIRMED in part, VACATED in part, and REMANDED.**